# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:87-cr-00166-APG-LRL |
| Plaintiff | **Order Granting Motion for Reconsideration and Motion to Extend Time** |
| v. | |
| ERNESTO TRASLAVINA, | [ECF Nos. 443, 444] |
| Defendant | |

Ernesto Traslavina moved for either the return of a house and airplane the United States seized from him or payment for their value if they cannot be returned, arguing that he "was not given legal notice of the forfeiture proceedings." ECF No. 432 at 1. The United States did not respond to that motion despite being granted an extension of time, so I granted the motion in part, ordering the return of the house or payment of its value. ECF No. 442. The United States now moves for reconsideration of my order and for an extension of the expired deadline to oppose Traslavina's motion. ECF Nos. 443, 444. The United States argues that it missed the deadline because of excusable neglect, and that Traslavina's request for return of the house was previously denied decades ago. The United States also argues that Traslavina's request for monetary damages as an alternative is barred by Federal Rule of Criminal Procedure 41(g). Because the United States has shown excusable neglect, I grant its request to extend the deadline and consider its new response to Traslavina's motion. I also reconsider my prior order and deny Traslavina's motion for return of the property.

/ / / /

/ / / /

**I.      I grant the motion to extend the expired deadline.**

The court may extend an expired deadline for good cause "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(l)(B); *see also* Local Rule IA 6-1 (requiring a showing of excusable neglect to extend an expired deadline).

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S 380, 395 (1993)). The prejudice to Traslavina if I extend the deadline is minimal or non-existent: his motion would be decided on the merits rather than by the United States' failure to respond. Justice and equity prefer decisions on the merits rather than by default. The proceedings were not significantly delayed because of the missed deadline. The Assistant United States Attorney missed the deadline due to a calendaring error, which was not intentional, and she has taken steps to avoid such a missed deadline in the future. Her actions constitute excusable neglect justifying extending the deadline. I therefore extend the deadline for the United States to respond to Traslavina's motion for return of the property.

**II.      I grant the motion for reconsideration.**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Having now reviewed the United States' response, I reconsider my prior order because it constitutes clear error and manifest injustice.

1    In June 1998, Traslavina filed a motion in this case for the return of his airplane, which

2  the court denied. ECF No. 443-1.  He contended at that time, among other things, that he did not

3  receive notice of the seizure or forfeiture. *Id.* at 3.  While that motion focused on his airplane, the

4  house was likewise seized in the same proceeding. ECF No. 443-1 at 8.  Eight months later, in

5  February 1999, Traslavina apparently moved to vacate the civil forfeiture order regarding the

6  house, which the court also denied. ECF No. 443 at 3-4.  Thus, Traslavina was aware of the

7  seizure and forfeiture decades ago, and he litigated the same lack-of-notice issue he raises in his

8  present motion.  At a minimum, Traslavina knew about the forfeiture over 25 years before he

9  filed his present motion.  His delay led to the destruction of court records about the events that

10  occurred decades ago, as described in the United States' motion. *Id*. at 4.

11    Traslavina now admits he has copies of the prior court orders in which the house was

12  forfeited and sold over 30 years ago. ECF No. 445 at 3-4, 6-27.  Yet he did not bring those

13  documents to my attention until the United States moved for reconsideration.  That strongly

14  suggests bad faith, as Traslavina appears to be trying to take advantage of destroyed court

15  records to obtain relief he previously was denied.

16    Finally, Traslavina's request for a monetary award equal to the value of the house is

17  barred by Federal Rule of Criminal Procedure 41(g).  That rule provides for the return of

18  improperly seized property but is silent as to any alternative relief.  The Ninth Circuit has held

19  that this silence bars a monetary award.

20    Rule 41(g) . . . by its very terms provides only for the "return [of] the property to
    the movant," nothing more. Fed. R. Crim. P. 41(g).  There is no alternative

21    provision for money damages, and such a provision cannot be implied. . . . The
    plain language of Rule 41(g) is clear and unambiguous . . . and therefore our

22    judicial inquiry is at an end . . . .

23

1   *Ordonez v. United States*, 680 F.3d 1135, 1139–40 (9th Cir. 2012) (simplified).  The *Ordonez*

2   court thus held that Rule 41(g) does not provide for a monetary award and such an award would

3   be barred by the United States' sovereign immunity. *Id*. at 1140.  Thus, my prior order, if

4   allowed to stand, would violate *Ordonez* and constitute clear error.  Reconsideration is

5   appropriate.

6          I THEREFORE ORDER that the United States' motion to extend the deadline to file a

7   response **(ECF No. 444) is granted**.

8          I FURTHER ORDER that the United States' motion for reconsideration **(ECF No. 443)**

9   **is granted**.  I reconsider and reverse my prior order (ECF No. 442) to the extent it ordered the

10  return of the house or payment of its value.

11         I FURTHER ORDER that Traslavina's motion for return of property **(ECF No. 432) is**

12  **denied.**

13         DATED this 15th day of April, 2024.

14

15                                         _____
                                            ANDREW P. GORDON
16                                          CHIEF UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23