**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:87-cr-00166-APG-LRL |
| Plaintiff | **Order Denying Motion to Vacate Prior Judgment** |
| v. | [ECF No. 461] |
| ERNESTO TRASLAVINA, | |
| Defendant | |

In 1990, Ernesto Traslavina was sentenced to a lengthy prison term and ordered to pay fines totaling $100,000. ECF No. 417-1.  The fine was ordered under the Victim and Witness Protection Act (VWPA) of 1982.  Subsequently, the VWPA was amended by the Mandatory Victims Restitution Act of 1996 (MVRA).  In August 2001, Traslavina was resentenced; the length of his prison term was reduced, but the fine amount remained the same. ECF No. 417-2.

Traslavina was released from prison in December 2004 and his probation expired in 2009.  After he failed to pay his fine for several years, the Government began collection efforts. He filed motions to cancel the fine, arguing that imposing the fine under the MVRA when he was resentenced violated the Ex Post Facto Clause of the United States Constitution. ECF Nos. 412, 415.  I denied his motions. ECF No. 420.  Traslavina now moves to vacate that order, arguing that the Supreme Court's recent decision in *Ellingburg v. United States*, 146 S.Ct. 564 (2026), confirms that retroactive application of the MVRA violates the Ex Post Facto Clause. ECF No. 461.

Traslavina overstates the holding in *Ellingburg*.  In that case, Ellingburg "raised an Ex Post Facto Clause challenge to his continued restitution obligation because he committed his

crime before the enactment of the MVRA." 146 S. Ct. at 566 (emphasis omitted). The Court addressed "the threshold question of whether restitution under the MVRA is criminal punishment." *Id*. The Court said yes. *Id.* at 567. But it did not hold that application of the MVRA to fines or restitution imposed before it was enacted violates the Ex Post Facto Clause. Rather, it remanded the case to the Eighth Circuit to consider that and other arguments. *Id.* at 569. Thus, *Ellingburg* does not change my analysis and I am still bound by the Ninth Circuit's holding that application of the MVRA to fines imposed under the VWPA does not violate the Ex Post Facto Clause. *United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017).

I THEREFORE ORDER that Traslavina's motion to vacate (ECF No. 461) is denied.

DATED this 20th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE